VINCENT P. O'CONNELL, Respondent, v. HARRY SCHUMER, Appellant.

First Department, May 7, 1943.

*Sidney J. Feltenstein* for appellant.

*Richards W. Hannah* of counsel (*Van Orman & Hannah,* attorneys), for respondent.

CALLAHAN, J. After a collision between two automobiles, counter actions were commenced in different courts by the owners and operators of the cars involved, Vincent P. O'Connell and Harry Schumer. O'Connell's suit was solely for property damage in the sum of forty-five dollars. Schumer sued for a larger sum based on a claim of personal injuries and property damage. These actions were consolidated. O'Connell's right to examine Schumer before trial, granted before consolidation, was preserved by consent of the parties. Eventually Schumer defaulted on such examination and so much of his pleading as consisted of an answer to O'Connell's claim of property damage was stricken out. Before this order became effective Schumer tendered the full sum sued for ($45) and made that tender effective by a deposit of said sum with the clerk of the court. (Civ. Prac. Act, §§ 171, 172, 173.) This offer was never accepted, but after the order striking out Schumer's answer became effective, O'Connell moved for judgment on the pleadings for the forty-five dollars, without first securing an assessment of damages. In effect, O'Connell asserted that advantage might be taken of the tender of the forty-five dollars as a conclusive admission of the amount of property damage sustained, although the tender had not been accepted. Although this motion was opposed, and a counter motion made for costs and disbursements, a judgment was directed to be entered in O'Connell's favor for the forty-five dollars.

We hold that this procedure was unwarranted.

Where a tender is accepted, it shall be deemed in satisfaction of the cause of action in respect of which tender was made, and the defendant may move for a judgment dismissing the complaint, without costs. Where the money constituting a tender shall be paid into court and not accepted, the plaintiff may proceed with his action. If the defendant recover judgment the money shall be paid to him. If the plaintiff recover judgment the money shall be applied upon his judgment, and the surplus, if any, paid to the defendant.

The recovery of costs and the amount thereof are dependent upon the plaintiff's success in recovering more than the sum deposited. (See Civ. Prac. Act, § 173.)

If, as occurred here, the plaintiff, in a case where a tender has been made but not accepted, becomes entitled to judgment as upon default, the proper procedure is to have damages assessed where the action is one in tort. (Civ. Prac. Act, § 490.) The existence of a tender would not alter the requirement for an assessment of damages. Such procedure is mandatory under the statute before a default judgment may be entered in the present form of action.

*Fink* v. *Lowenthal* (256 App. Div. 904, affd. 281 N. Y. 614) is in accord with the present holding. There the circumstances involved were quite similar to those involved herein. The tender made there was not accepted, although it was for the full amount sued for, with costs. In that case, however, no default had occurred. The party making the tender brought an additional action for an injunction to restrain his opponent from proceeding with the original suit in which tender had been made. An order of the Special Term of this court, denying a motion for temporary injunction, was affirmed in this court and in the Court of Appeals. In effect, that decision upheld the right of a party who has refused to accept a tender of the full sum sued for to proceed with his action according to law.

In upholding a like right in this case we have not considered the question as to whether any judgment O'Connell might procure will be *res judicata* as to the remaining issues between the parties.

The judgment and order appealed from should be reversed, with costs, and the motion for judgment denied.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.