■ PAULINE REISNER et al., Appellants, v. NEW YORK KOSHER PROVISIONS, INC., et al., Respondents.— Order, entered on September 4, 1963, denying plaintiffs-appellants' motion for reconsideration of prior denial of motion for a special rule preference, unanimously reversed, on the law and on the facts, without costs, and motion for a preference granted. A sufficient showing of gravity of injury is made to indicate such permanent and protracted disability as to warrant "a possible evaluation in an amount beyond the jurisdiction" of the Civil Court. (*Liebowitz* v. *Rector, etc., of Trinity Church,* 13 A D 2d 734; see, also, *Leary* v. *City of New York,* 15 A D 2d 480; *Williams* v. *Veer,* 14 A D 2d 670; *Calanni* v. *Tranos,* 12 A D 2d 762.) Medical reports show among other things that plaintiff Pauline Reisner suffered a comminuted fracture of the greater tuberosity of the left humerus with a subcoracoid dislocation of the left shoulder and injury to the peripheral nerves of the left upper extremity with some resulting permanent restriction of motion and with associated cardiac symptoms. Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.

■ ROBERT GALLO, Doing Business as TALENTMASTERS RECORDING STUDIO, Appellant, v. ESTHER BUBBLEY et al., Respondents.— Order, entered on April 17, 1963, unanimously modified, on the law and on the facts, to eliminate requirement that plaintiff file an undertaking in the sum of $25,000 as a condition to vacating a default judgment entered on the counterclaim; and as thus modified affirmed, with $20 costs and disbursements to plaintiff-appellant. Although plaintiff appeals from every part of the order, it is not argued that the further condition imposed at Special Term in vacating the judgment, that plaintiff pay the Sheriff's poundage, should be eliminated; and in any case we would regard this condition as reasonable. Upon plaintiff's default in pleading defendants applied to the court for a direction that judgment enter in the face amount of the counterclaim. This motion was granted and judgment was directed for the amount demanded in the counterclaim. The counterclaim was not for liquidated damages within sections 485 and 487 of the Civil Practice Act, and judgment could only have been entered on an assessment of damages by the court (Civ. Prac. Act, §§ 489, 490; cf. *O'Connell* v. *Schumer,* 266 App. Div. 138). Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.